IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WILLIAM MICHAEL ROACH and JULIE G. ROACH,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC D/B/A RUSHMORE SERVICING F/K/A RUSHMORE LOAN MANAGEMENT SERVICES, LLC; and CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Defendants. | Case No.: 3:25-CV-00491-MOC-DCK<br><br>**CARRINGTON'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Carrington Mortgage Services, LLC ("Carrington") answers the First Amended Complaint for Damages (Dkt. 7) of Plaintiffs William Michael Roach and Jule G. Roach (collectively, "Plaintiffs") as follows:

**FOR A FIRST DEFENSE**

1. Carrington admits the allegations contained in Paragraph 1.

2. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and therefore denies the same.

3. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and therefore denies the same.

4. Carrington admits the allegations contained in Paragraph 4.

5. Responding to Paragraph 5, Carrington admits only that Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") was the prior servicer of the mortgage loan at issue in this matter before the service transfer to Carrington, but otherwise, Carrington denies the remaining allegations contained in this Paragraph.

6. Responding to Paragraph 6, Carrington admits only that servicing of the Plaintiffs' loan transferred to Carrington from Nationstar effective February 3, 2025. Carrington is unable to discern what is meant by the phrase "all times relevant to the allegations", and consequently, Carrington denies the remaining allegations contained in this Paragraph.

7. Responding to Paragraph 7, Carrington admits only that servicing of the Plaintiffs' loan transferred to Carrington from Nationstar effective February 3, 2025 and that Carrington is the current servicer of the loan. Carrington is unable to discern what is meant by the phrase "all times relevant to the allegations", and consequently, Carrington denies the remaining allegations contained in this Paragraph.

8. Responding to Paragraph 8, Carrington admits only that servicing of the Plaintiffs' loan transferred to Carrington from Nationstar effective February 3, 2025, and that the current owner of the loan is U.S. Bank, National Association as legal Title Trustee for Truman 2016 SC6 Title Trust. Carrington is unable to discern what is meant by the phrase "all times relevant to the allegations", and consequently, Carrington denies the remaining allegations contained in this Paragraph.

9. The allegation contained in Paragraph 9 states legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington does not contest jurisdiction with this Court.

10. The allegation contained in Paragraph 10 states legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington does not contest jurisdiction with this Court.

11. The allegation contained in Paragraph 11 states legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington does not contest venue with this Court.

12. The allegations contained in Paragraph 12 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington admits that the Plaintiffs assert various claims in their First Amended Complaint against the defendants, but Carrington denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

13. The allegations contained in Paragraph 13 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington admits that the Plaintiffs asserts various claims in their First Amended Complaint against the defendants, but Carrington denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

14. The allegations contained in Paragraph 14 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

15. The allegations contained in Paragraph 15 state legal conclusions rather than allegations of fact, and therefore no response is required.

16. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 and therefore denies the same.

17. The allegations contained in Paragraph 17 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington admits that the Loan is not a reverse mortgage.

18. The allegations contained in Paragraph 18 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph and therefore denies the same.

19. The allegations contained in Paragraph 19 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph and therefore denies the same.

20. The allegations contained in Paragraph 20 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

21. The allegations contained in Paragraph 21 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

22. The allegations contained in Paragraph 22 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph and therefore denies the same.

23. The allegations contained in Paragraph 23 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

24. The allegations contained in Paragraph 24 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph and therefore denies the same.

25. The allegations contained in Paragraph 25 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

26. Responding to Paragraph 26, Carrington admits that on May 23, 2003, Wachovia Bank N.A. ("Wachovia"), extended a mortgage loan to the Plaintiffs in the original principal amount of $461,135.00 (the "Loan") which is evidenced by a Negotiable Promissory Note ("Note") executed by the Plaintiffs, and that the repayment of the Loan is secured by a Deed of Trust ("DOT") executed by the Plaintiffs and recorded against the real property commonly known as 20407 Heavenview Drive, Cornelius, North Carolina (the "Property").

27. Responding to Paragraph 27, Carrington admits that Plaintiffs entered into a Modification Agreement (the "Modification") with Wells Fargo Bank, N.A. ("Wells Fargo") concerning the Loan on September 21, 2011.

28. The allegations contained in Paragraph 28 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required,

Carrington states that the Modification speaks for itself and denies the allegations contained in this Paragraph to the extent they are inconsistent with the terms of the Modification.

29. Responding to Paragraph 29, Carrington admits that Plaintiffs filed multiple petitions for bankruptcy protection including a petition for Chapter 13 relief with the Bankruptcy Court for the Western District of North Carolina, Case No. 22-30585 (the "2022 Bankruptcy") filed by Mr. Roach on November 28, 2022.

30. Responding to Paragraph 30, Carrington states that the Proof of Claim filed in the 2022 Bankruptcy speaks for itself and denies the allegations contained in this Paragraph to the extent they are inconsistent with that Proof of Claim.

31. Responding to Paragraph 31, Carrington states that the Proof of Claim filed in the 2022 Bankruptcy speaks for itself and denies the allegations contained in this Paragraph to the extent they are inconsistent with that Proof of Claim.

32. Responding to Paragraph 32, Carrington states that the Proof of Claim filed in the 2022 Bankruptcy speaks for itself and denies the allegations contained in this Paragraph to the extent they are inconsistent with that Proof of Claim.

33. The allegations contained in Paragraph 33 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington states that the Note, DOT, and Modification all speak for themselves and denies the allegations contained in this Paragraph to the extent they are inconsistent with the Note, DOT, and Modification.

34. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, and therefore denies the same.

35. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and therefore denies the same.

36. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 and therefore denies the same.

37. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 and therefore denies the same.

38. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 and therefore denies the same.

39. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 and therefore denies the same.

40. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 and therefore denies the same.

41. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 and therefore denies the same.

42. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 and therefore denies the same.

43. The allegations contained in Paragraph 43 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington states that the Note, DOT, and Modification all speak for themselves and denies the allegations contained in this Paragraph to the extent they are inconsistent with the Note, DOT, and Modification.

44. Responding to Paragraph 44, Carrington admits only that servicing of the Loan transferred from Nationstar Mortgage LLC d/b/a Mr. Cooper to Carrington effective February 3,

2025. Carrington denies all remaining allegations in this Paragraph, denies any alleged or inferred wrongdoing or violation of law, Carrington denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

45. Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 and therefore denies the same.

46. Responding to Paragraph 46, Carrington admits only that following the service transfer of the Loan to Carrington it provided informational periodic statements concerning the Loan as required by law including the periodic statement dated March 11, 2025. The periodic statement dated March 11, 2025 speaks for itself and Carrington denies the allegations in this Paragraph to extent inconsistent with that document, and Carrington denies all other allegations contained in this Paragraph, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

47. Carrington denies the allegations contained in Paragraph 47.

48. Carrington denies the allegations contained in Paragraph 48 and each of its subparts.

**COUNT ONE: AGAINST RUSHMORE**
**VIOLATIONS OF 12 C.F.R. § 1024.35(e) AND 12 U.S.C. § 2605(k)**

49. Carrington adopts and incorporates by reference its answers and responses to each and every preceding allegation for its answer to Paragraph 49.

50. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 50, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

51. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 51, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

52. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 52, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

53. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 53, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

54. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 54, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

55. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 55, denies any alleged or inferred

wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

56. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 56, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

57. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 57, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

58. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 58, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

59. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 59, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

60. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 60, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

61. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 61, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

62. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 62, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

63. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 63, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

64. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 64, denies any alleged or inferred

wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

65. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 65, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

66. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 66, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

67. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 67, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

68. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 68, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

69. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 69, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

70. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 70, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

71. Count One of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 71, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

**COUNT TWO: AGAINST RUSHMORE**
**VIOLATIONS OF THE NC MORTGAGE SERVICING ACT, N.C.G.S 45-90 *et seq.***

72. Carrington adopts and incorporates by reference its answers and responses to each and every preceding allegation for its answer to Paragraph 72.

73. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 73 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

74. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 74 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

75. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 75 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

76. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 76 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

77. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 77 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

78. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 78 of Count Two, denies any alleged or

inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

79. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 79 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

80. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 80 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

81. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 81 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

82. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 82 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

83. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 83 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

84. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 84 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

85. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 85 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

86. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 86 of Count Two, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

87. Count Two of the Plaintiffs' First Amended Complaint is not asserted against Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 87 of Count Two, denies any alleged or

inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

**COUNT THREE: AGAINST DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

88. Carrington adopts and incorporates by reference its answers and responses to each and every preceding allegation for its answer to Paragraph 88.

89. The allegations contained in Paragraph 89 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

90. The allegations contained in Paragraph 90 state legal conclusions rather than allegations of fact, and therefore no response is required.

91. The allegations contained in Paragraph 91 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington denies the allegations contained in this Paragraph.

92. Carrington admits the allegation contained in Paragraph 92.

93. Carrington admits the allegation contained in Paragraph 93.

94. The allegations contained in Paragraph 94 state legal conclusions rather than allegations of fact, and therefore no response is required.

95. Responding to Paragraph 95, Carrington is unable to discern what communications are referenced in this Paragraph or what is meant by the term "numerous occasions", and consequently, Carrington is unable to admit or deny the allegations contained in this Paragraph.

96. Responding to Paragraph 96, on October 27, 2025, the Court entered its order [Doc. 21] dismissing Plaintiffs' claims against Carrington for a violation of 15 U.S.C. § 1692c, and

therefore, no response is necessary to this allegation. To the extent a response may be required, Carrington denies the allegation contained in this Paragraph.

97. The allegations contained in this Paragraph 97 state legal conclusions rather than allegations of fact, and therefore no response is required.

98. Carrington denies the allegations contained in Paragraph 98.

99. Carrington denies the allegations contained in Paragraph 99.

100. Carrington denies the allegations contained in Paragraph 100.

101. Carrington denies the allegations contained in Paragraph 101.

102. The allegations contained in Paragraph 102 state legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Carrington denies the allegation contained in this Paragraph, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

**COUNT FOUR: AGAINST DEFENDANTS**
**VIOLATION OF NORTH CAROLINA DEBT COLLECTION ACT**
**(N.C.G.S. § 75-50, *et seq.)***

103. Carrington adopts and incorporates by reference its answers and responses to each and every preceding allegation for its answer to Paragraph.

104. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 104 of Count Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

105. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 105 of Count Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

106. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 106 of Count Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

107. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 107 of Count Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

108. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 108 of Count Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

109. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 109 of Count

Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

110. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 110 of Count Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

111. Count Four of the Plaintiffs' First Amended Complaint was withdrawn by Plaintiffs [Doc. 13, at p. 11] as to Carrington, and therefore, no response is required. To extent that any response may be required, Carrington denies the allegations contained in Paragraph 111 of Count Four, denies any alleged or inferred wrongdoing or violation of law, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief as to Carrington.

112. All allegations of Plaintiffs' First Amended Complaint not expressly admitted herein are denied.

113. To the extent a response is required to the unnumbered paragraph beginning "WHEREFORE" (Prayer for Relief), Carrington denies that Plaintiffs are entitled to any relief from Carrington.

## AFFIRMATIVE DEFENSES

Carrington states and alleges the following Affirmative Defenses in opposition to the Plaintiff's First Amended Complaint:

### First Affirmative Defense

To the extent Plaintiffs suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by individuals and/or

entities over whom Carrington had no control, right of control, or responsibility.

**Second Affirmative Defense**

To the extent Plaintiffs suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by the Plaintiffs' own acts or omissions, negligence, or failure to mitigate their damages.

**Third Affirmative Defense**

Plaintiffs' claims are barred by the doctrines of unjust enrichment, unclean hands, estoppel, waiver, and laches.

**Fourth Affirmative Defense**

Plaintiffs fail to state a claim for which any relief can be granted and Carrington reserves and does not waive its arguments relating to the legal sufficiency of the Plaintiffs' claims against Carrington.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred by the voluntary payment doctrine.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred by collateral estoppel, judicial estoppel, or *res judicata*.

**Eighth Affirmative Defense**

At all times relevant, Carrington has maintained reasonable policies and procedures for compliance with the requirements of the federal Fair Debt Collection Practices Act. Any errors in the statement of the amounts due and owing on the Loan were not intentional and resulted from a

*bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error. Accordingly, to the extent that Plaintiffs were damaged by any act or omission by Carrington arising from these *bona fide* errors, Carrington is not subject to liability pursuant to 15 U.S.C. §1692k(c).

The above Affirmative Defenses are based on the facts currently known to Carrington, and Carrington reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

WHEREFORE, Carrington denies any all liability alleged by Plaintiffs, denies that Plaintiffs are entitled to any relief, and respectfully requests that the Court enter judgment in its favor with costs assessed, and that the Court grant such further and additional relief as it deems just and appropriate.

Respectfully submitted this 10th day of November, 2025.

**ADAMS & REESE LLP**

*/s/ W. Taylor Stanley*
W. Taylor Stanley (N.C. State Bar 47168)
1221 Main Street, Suite 1200
Columbia, South Carolina 29201
Telephone: 803-254-4190
Facsimile: 803-779-4749
Email: Taylor.Stanley@arlaw.com

*Attorney for Defendant Carrington Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

*/s/ W. Taylor Stanley*
W. Taylor Stanley (N.C. State Bar 47168)